**SALVATORE & EMANUELE FILI, Accame, v. 13,986 BALES OF CORK SHAVINGS (LAWRENCE JOHNSON & CO., Claimant).**

District Court, S. D. New York. August 10, 1928.

Loomis & Ruebush, of New York City, for libelants.

Burlingham, Veeder, Masten & Fearey and William J. Dean, all of New York City, for claimant.

GODDARD, District Judge. The libelants sued to recover the extra expenses alleged to have been incurred as a result of the failure of the consignee to take cargo from alongside the ship.

The libel sets forth that the libelants entered into a charter party with the claimant, chartering to the claimant the steamship Sursum Corda for the carriage of bales of cork from Portimao and Lisbon, Portugal, to New York; that, upon her arrival at New York with her cargo, the consignee was duly notified, but failed to take delivery; and that, in order to discharge the steamer, the libelants were compelled to incur the expense of moving the cargo from alongside the steamer to a place in storage on the pier, and that this extra expense amounted to $1,500.

The charter party was a printed form, but some changes were made in it before execution, and, as amended, article 7, the one now pertinent, reads:

"Art. 7. The cargo to be brought alongside and taken from alongside at merchants' risk and expense. The receiving alongside and stowage in hold at Portimao to be done by charterer's men, the steamer paying the current rate, and at Lisbon by the owner's stevedores. The taking from the hold and the delivery from alongside to be done by owner's stevedores. * * *"

The claimant, in its answer, set up that it was the custom at the port of New York for vessels discharging such cargo to discharge at the pier, and to make delivery from there to the consignee, and that such custom

should be read into the charter party, and that thereby the libelants became bound to bear the expense demanded in the libel. The libelants excepted to this portion of the answer on the ground that it failed to set forth facts sufficient to constitute a defense to the libel, and Circuit Judge Augustus N. Hand, then of the District Court, passed upon these interrogatories and held, in The Sursum Corda (Salvatore & Emanuele Fili, Accame, v. 13,986 Bales of Cork, etc.) (D. C.) 20 F. (2d) 212, that, in view of the express provisions in article 7 of the charter party, the custom was eliminated, and that the ship's duty ended when she discharged her cargo over the ship's rail at the end of her tackle, and that all expenses thereafter incurred by the carrier in making delivery were to be borne by the consignee. Of course, Judge Hand's ruling upon the question decided by him is the law in the case.

Upon the trial, it appeared that the master of the Sursum Corda had issued for the various bales of cargo four separate bills of lading for delivery to the consignee, Lawrence Johnson & Co., or their assignees. Moreover the Sursum Corda was a private carrier. The Fri (C. C. A.) 154 F. 333, certiorari denied 210 U. S. 431, 28 S. Ct. 761, 52 L. Ed. 1135; The Addison E. Bullard (C. C. A.) 287 F. 674.

After the refusal of the consignee to receive the cargo alongside the ship, the carrier engaged the Mutual Lloyd Marine Corporation to do the discharging onto the pier; its rate being the lowest obtainable. Their services, for which the libelants seek to recover, consisted of handtrucking from the side of the ship to piles on the dock, wharfage, coopering, assorting, clerking, and watching while the work of discharging the cargo upon the pier was in progress.

The claimant urges dismissal of the libel on the ground that the ship was bound to assort the cargo and was not entitled to call upon the consignee to take delivery "from alongside" until such assortment had been made; therefore, that the ship and not the consignee should bear the expenses in question.

Had it not been for the provision of article 7, the ship would have been required to deliver her cargo upon the dock in assorted piles. The Titania (C. C. A.) 131 F. 229, and in which Judge Coxe quotes on page 230 from The Eddy, 5 Wall. 481, at page 495, 18 L. Ed. 486, as follows:

"Delivery on the wharf in the case of goods transported by ships is sufficient under our law, if due notice be given to the consignees and the different consignments be properly separated, so as to be open to inspection and conveniently accessible to their respective owners."

But, under the terms of the charter party in the case at bar, the carrier was only obligated to deliver the cargo from alongside the ship. The sorting takes place upon the pier as the cargo is leaving, or after it has left, the ship's tackle.

In view of the provision in the charter party requiring consignee to take delivery "alongside," also of Judge Hand's decision, and as it appears from the record that the libelants made a valid tender of the cargo alongside, and that these "extra expenses" were necessarily incurred as a result of the failure of the consignee to take delivery alongside, so that the ship might be discharged, the claimant should reimburse the libelants therefor.

Accordingly the libelants may have a decree, with the usual reference to ascertain the damages.